**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| STEWARTS COMPLETE LOGISTICS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-00894-TWP-KMB |
| | ) | |
| PILOT TRAVEL CENTERS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING MOTION TO TRANSFER

This matter is before the Court on Defendant Pilot Travel Centers, LLC's ("Pilot") Motion to Transfer (Filing No. 7), pursuant to 28 U.S.C. § 1404(a). Stewarts Complete Logistics, LLC ("Stewarts"), initiated this action bringing claims of negligence, product liability, and breach of implied warranties against Pilot. For the reasons stated below, Pilot's Motion to Transfer is **granted**.

## I. BACKGROUND

Stewarts is an Indiana limited liability company located in Kokomo, Indiana (Filing No. 1-2 ¶ 1)[1]. On September 10, 2025, a driver who was operating one of Stewarts's trucks stopped at Pilot Flying J Travel Center Store No. 627 in Brunswick, Georgia ("Store No. 627"), a convenient store owned and operated by Pilot. *Id.* ¶¶ 3, 6. The fuel that the driver purchased at Store No. 627 was allegedly contaminated and unsuitable for use in motor vehicles. *Id.* ¶ 7. The driver placed the

[1] Before addressing facts, the Court notes that duplicative copies of the Complaint exist on the docket. Filing No. 1-2 refers to Stewarts's Amended Complaint for Damages attached to Pilot's Notice of Removal (Filing No. 1), and two additional copies of the complaint (Filing No. 4; Filing No. 5) have been filed. These additional filings are the same as Stewarts's original Complaint for Damages and Amended Complaint for Damages that it filed in state court (Filing No. 1-2; Filing No. 1-5 at 3–6, 9–12). Accordingly, Stewarts's Amended Complaint for Damages at Filing No. 1-2 is the operative complaint, and the complaints at Filing No. 4 and Filing No. 5 are **stricken**.

fuel directly into Stewarts's vehicle, and though the vehicle was functioning properly before the fueling, the truck would not operate after the driver filled it with fuel. *Id.* ¶¶ 8–9. As a result, the truck was towed and required repairs. *Id.* ¶ 11.

Stewarts initially brought this action in Howard County Superior Court in Howard County, Indiana, alleging three counts: Count I: Negligence; Count II: Product Liability; and Count III: Breach of Implied Warranties. *Id.*; Filing No. 1 at 1. Pilot removed the action to the Northern District of Indiana (Filing No. 1) and subsequently filed a Motion to Transfer (Filing No. 7) requesting transfer of the case to the Southern District of Georgia pursuant to 28 U.S.C. § 1404(a). Because Howard County, Indiana is within the Southern District of Indiana, Magistrate Judge Scott J. Frankel ruled that the case should have been removed to the Southern District of Indiana rather than the Northern District of Indiana and transferred the case to this Court (Filing No. 10).

Following the transfer, the Court, pursuant to Local Rule 16-2, directed the parties to file a statement of position as to what action the Court should take, by no later than May 26, 2026 (Filing No. 14). Pilot submitted its statement, in which it requested that the Court set a deadline for Stewarts to respond to the Motion to Transfer (Filing No. 15 at 1–2). Stewarts did not submit a statement. The Court then set a briefing schedule for the Motion to Transfer, and set a deadline of August 28, 2026 or Stewarts response and September 4, 2026 for Pilot's reply, if any (Filing No. 16). The deadlines for submitting briefs have passed, and Stewarts has not submitted a Response to the Motion to Transfer.

## II. LEGAL STANDARD

28 U.S.C. § 1404(a) provides, in relevant part, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer a civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Under 28 U.S.C. § 1404(a),

transfer is "appropriate where '(1) venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee district; and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interest of justice.'" *Bogard v. TikTok Inc.*, 725 F. Supp. 3d 897, 904 (S.D. Ind. 2024) (quoting *Commissioning Agents, Inc. v. Long*, 187 F. Supp. 3d 980, 985 (S.D. Ind. 2016)).

## III. <u>DISCUSSION</u>

Neither party argues that venue is improper in either the Southern District of Indiana or in the Southern District of Georgia. Accordingly, this Court is left to determine whether this case should be transferred based on convenience and in the interest of justice. When deciding whether to transfer an action, courts consider several factors, including the convenience of the parties; the convenience of the witnesses; the location of material events and material evidence; and the interest of justice. *Collins v. City of Seymour*, No. 1:13-cv-1838-TWP-DML, 2014 WL 279865, at *2 (S.D. Ind. Jan. 24, 2014); *Bhd. Mut. Ins. Co. v. GuideOne Mut. Ins. Co.*, No. 1:10-CV-462, 2011 WL 1627114, at *2 (N.D. Ind. Apr. 28, 2011). This analysis requires an individualized, case-by-case consideration of convenience and fairness. *RCA Trademark Mgmt. S.A.S. v. Voxx Int'l Corp.*, No. 1:14-cv-00088-TWP-TAB, 2014 WL 3818289, at *2 (S.D. Ind. Aug. 4, 2014); *State Farm Mut. Auto. Ins. Co. v. Est. of Bussell*, 939 F. Supp. 646, 651 (S.D. Ind. 1996). "The relative weight accorded each factor is not specified in § 1404(a)." *Bussell*, 939 F. Supp. at 651. Instead, courts have broad discretion when weighing the factors and deciding whether to grant or deny a motion to transfer under § 1404(a). *See id.* Nevertheless, courts are to remain mindful that "[t]he purpose of § 1404(a) is 'to prevent the waste of time, energy and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense.'" *RCA*, 2014 WL 3818289, at *2 (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)).

The party moving for transfer has the burden to establish, by reference to particular circumstances, that the transferee forum is clearly more convenient than the transferor forum. *Coffey v. Van Dorn Iron Works*, 796 F. 2d 217, 219–20 (7th Cir. 1986); *Overton & Sons Tool & Die Co. v. Precision Tool, Die & Mach. Co.*, No. 1:13-cv-01302-TWP-DKL, 2014 WL 1669863, at *5 (S.D. Ind. Apr. 28, 2014). Further, transfer is not justified when doing so would merely shift the inconvenience of the litigation from one party to the other. *Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010).

**A. <u>Convenience of the Parties</u>**

First, the Court weighs the relative convenience of the parties in either district. *See Collins*, 2014 WL 279865, at *2; *Bhd. Mut.*, 2011 WL 1627114, at *2. The plaintiff's choice of forum receives strong weight. *Deist v. Washington Univ. Med. Ctr.*, 385 F. Supp. 2d 772, 773 (S.D. Ill. 2005). This is especially true when the venue is the plaintiff's home forum, though this factor is limited if another forum has a stronger relationship to the claims. *Id.* at 773–74. The presumption is rebuttable. *Overton*, 2014 WL 1669863, at *5. For instance, when the chosen forum has little connection to the relevant events, "[p]laintiff's choice . . . becomes simply one factor among many to be considered." *Bhd. Mut.*, 2011 WL 1627114, at *3 (quoting *Hyatt Corp. v. Pers. Commc'n Indus. Ass'n*, No. 04 C 4656, 2004 WL 2931288, at *2 (N.D. Ill. Dec. 15, 2004)).

In this case, Stewarts is an Indiana LLC with its principal place of business in Indiana (Filing No. 1-2 ¶ 1). Typically, this would strongly weigh against transfer. However, as discussed below, a substantial portion of the material events occurred outside of the Southern District of Indiana. In fact, aside from facts related to Stewarts's principal place of business, there are no allegations that any events occurred in the Southern District of Indiana. Accordingly, the Court gives little deference to Stewarts's choice of forum. *Cf. Deist*, 385 F. Supp. 2d at 773–74 (S.D. Ill.

2005) (giving less weight to the plaintiff's choice of forum due in part to the events giving rise to the claim occurring outside the chosen forum).

In addition, when considering the convenience of the parties, courts also consider the parties' abilities to bear the expense of trial in a particular forum. *See, e.g., Volkswagen Aktiengesellschaft v. Dee Eng'g, Inc.*, No. 1:02-CV-1669-LJM, 2003 WL 1089515, at *2–3 (S.D. Ind. Mar. 4, 2003); *Bussell*, 939 F. Supp. at 651. In this case, neither party argues that it is in a weaker financial position and is, therefore, unable to bear the extra expense of travel. As a result, this Court will assume that both parties are capable of bearing any additional travel costs. Accordingly, this factor favors neither party.

**B. Convenience of the Witnesses**

Second, the Court weighs the relative convenience of the witnesses in either district. *See Bhd. Mut.*, 2011 WL 1627114, at *4–5. Often, the convenience of witnesses is considered the most important consideration in determining whether to transfer a case. *Rose v. Franchetti*, 713 F. Supp. 1203, 1214 (N.D. Ill. 1989). When addressing this factor, courts consider such factors as "the number of witnesses involved, travel distances and associated costs for these witnesses, the willingness of the witnesses to appear, or whether the witness is within the court's reach to compel appearance." *Bhd. Mut.*, 2011 WL 1627114, at *4 (quoting *Hunter v. Big Rock Transp., Inc.*, No. 1:07-cv-1062-SEB-TAB, 2008 WL 1957775, at *2 (S.D. Ind. May 2, 2008)).

**1. Party Witnesses**

Pilot argues that the case should be transferred in part because the store manager at the time of the incident is located in Georgia (Filing No. 7 at 5). Stewarts does not identify any potential witnesses, so it is unclear whether either forum is more convenient for its witnesses. Because Pilot identifies at least one party witness who is in Georgia and Stewarts fails to identify any witness,

this factor weighs in favor of transfer. However, the impact is slight, given that employee-witnesses are under the control of the parties. *Cf. Illumina, Inc. v. Affymetrix, Inc.*, No. 09-cv-277-bbc, 2009 WL 3062786, at *3 (W.D. Wis. Sept. 21, 2009) ("[T]he location of defendant's employee witnesses is not a heavily weighted factor because of the assumption that witnesses within the control of the party calling them, such as employees, will appear voluntarily, that is, at least without subpoena." (citations and quotation marks omitted)).

**2. Non-Party Witnesses**

When weighing the relative convenience of witnesses, courts assign greater weight to the location of non-party witnesses because securing their testimony may require use of compulsory processes and because they are more likely to be inconvenienced by having to travel. *See Kendall U.S.A., Inc. v. Cent. Printing Co.*, 666 F. Supp. 1264, 1268 & n.3 (N.D. Ind. 1987) (weighing convenience of witnesses in favor of transfer because the transferee district could exercise compulsory process over non-party witnesses). Indeed, whenever possible, courts are encouraged to facilitate the "live" presence of material nonparty witnesses. *See id.* at 1268.

Pilot identifies the vendor responsible for cleaning the fuel tank as a potential non-party witness in this case (Filing No. 7 at 5). The vendor is a Georgia corporation with its principal place of business in Georgia. *Id.* Pilot further argues that most, if not all, of the additional witnesses related to the relevant events or fuel tank cleaning would be located in Georgia. *Id.* Stewarts does not identify any non-party witnesses.

The vendor responsible for cleaning the tanks would be a relevant witness given the claims brought by Stewarts. The Court also finds that it is likely, given the central focus of the facts of the case on Georgia, that other nonparty witnesses could be located in Georgia. Although the Court notes that Pilot's lack of details regarding the potential witnesses weakens its arguments, the Court

finds that this factor weighs in favor of transfer, especially given the lack of witnesses cited by Stewarts.

**C. <u>Location of Material Events and Evidence</u>**

Third, the Court weighs the location of material events and material evidence. *Collins*, 2014 WL 279865, at *2–3; *Bhd. Mut.*, 2011 WL 1627114, at *3–4. Georgia has a substantial connection to the material events and evidence in this case. The fueling that gave rise to Stewarts's claims occurred at a store in Brunswick, Georgia. As Pilot points out, Brunswick, Georgia, is in the Southern District of Georgia (Filing No. 7 at 5). Although Stewarts's principal place of business is in the Southern District of Indiana, Stewarts does not present any allegations or arguments that any material events or evidence are in this district or even outside of Georgia. Accordingly, this factor weighs in favor of transfer.

**D. <u>Interest of Justice</u>**

Fourth, the Court weighs whether the interest of justice would be better served in either district. *Collins*, 2014 WL 279865, at *2, *3; *Bhd. Mut.*, 2011 WL 1627114, at *2, *3. The interest of justice is a separate element of the transfer analysis that relates to the efficient administration of the court system rather than the merits of the underlying dispute. *See Coffey*, 796 F. 2d at 220–21. The interest of justice analysis "may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result." *Id.* at 220.Factors considered in this analysis include the likely speed to trial in each forum, each forum's familiarity with the relevant law, and the relationship of each forum to the controversy, particularly concerning whether jurors

have a financial interest in the case and whether jurors in one forum are better equipped to apply community standards. *See id.* at 221 & n.4.

The Court concludes that there is little meaningful difference in the adjudicatory speed between the two districts.[2] One way that courts determine speed is comparing the median time between filing and disposition in the districts. *See Commissioning Agents, Inc. v. Long*, 187 F. Supp. 3d at 990. Based on the most recent statistics,[3] the median time between filing and disposition in this district is 9.5 months, and the median time in the Southern District of Georgia is 7.3 months. See Federal Court Management Statistics (June 30, 2026), available at https://www.uscourts.gov/sites/default/files/document/fcms_na_distcomparison0630.2026.pdf. The Court does not find an approximately two-month difference in time to be a significant factor when weighing whether to transfer the case. *Cf. Commissioning Agents*, 187 F. Supp. 3d at 990 (finding that a two-and-a-half-month difference was not significant enough to warrant transfer).

Pilot recognizes that the court in the Southern District of Georgia would be required to apply Indiana law (Filing No. 7 at 6). A federal court sitting in diversity typically applies the choice of law rules of the state in which the court sits. *See Jackson v. Payday Fin., LLC*, 764 F.3d 765, 774 (7th Cir. 2014) (citing *Klaxon Co. v. Stentor Elec. Mfg.*, 313 U.S. 487, 496–97 (1941)). However, when a case is transferred to another court pursuant to 28 U.S.C. § 1404(a), the transferee forum applies the law that would have been applied if there had not been a transfer. *See Van Dusen*, 376 U.S. at 639. This case was removed to federal court in Indiana; therefore, Indiana's choice of law rules apply, regardless of whether there is a transfer.

[2] Pilot submitted its Motion to Transfer when this case was still pending before the Northern District of Indiana. As such, Pilot submitted arguments related to the docket congestion and speed of resolution that compared the Southern District of Georgia to the Northern District of Indiana (Filing No. 7 at 6). These arguments are no longer relevant, given the subsequent transfer to this district.

[3] Pilot submitted statistics as of December 31, 2025 (Filing No. 7-3). Given the availability of more recent statistics since Pilot's filing of its Motion to Transfer, the Court considers updated figures.

Neither side argues that applying Indiana law should weigh against transferring the case. The Court does not find that the relevant Indiana law "is so unique as to be beyond the bonds of comprehension of our sister court in Georgia." *Heller Fin., Inc. v. Riverdale Auto Parts, Inc.*, 713 F. Supp. 1125, 1131 (N.D. Ill. 1989). Furthermore, it is not clear that a choice of law analysis would lead to an application of Indiana substantive law. Neither side presents arguments as to what law governs the claims based on Indiana's choice of law rules. The Court therefore does not engage in a choice of law analysis. However, the Court notes that, if it is determined that there are differences in the states' laws that are important enough to affect the outcome of the litigation, Indiana's choice of law rules have a "presumption that the rule of *lex loci delicti* (the place of the wrong) applies" for tort claims. *Popovich v. Weingarten*, 779 F. Supp. 2d 891, 896 (N.D. Ind. 2011) (citing *Simon v. United States*, 805 N.E.2d 798, 805 (Ind. 2004)). This presumption "may be overcome if the court is persuaded that the place of the tort bears little connection to this legal action." *Simon*, 805 N.E.2d at 805 (citations and quotation marks omitted). Given that a large portion of the material events occurred in Georgia, it is possible that Georgia substantive law would apply, rather than Indiana substantive law. Therefore, this factor is neutral with regards to transferring the case.

Pilot argues that it would be in the interest of justice to transfer the case to the Southern District of Georgia due to the local community's interest (Filing No. 7 at 6). It contends that this case is about the issue of the quality of fuel at a local gas station. *Id.* A potential jury from the Southern District of Georgia would have greater familiarity and interest in this issue than one in the Southern District of Indiana. *Id.* The existence of a strong community interest in a local issue in the transferee forum weighs in favor of transfer. *See Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 962 (N.D. Ill. 2000) (granting transfer to forum in New York in part because it was the situs of the contaminated property at issue). The situs of the claims is a local gas station in the

Southern District of Georgia. The Court finds that the local community in that district would have a greater interest in this dispute than the local community in the Southern District of Indiana. This factor therefore weighs in favor of transfer.

Finally, the Court notes that the Motion to Transfer appears to be unopposed, as Plaintiff has raised no opposition. Because the speed of resolution and familiarity with the relevant law are neutral or slightly in favor of transfer, and because the Southern District of Georgia has a strong interest in resolving this dispute, the interest of justice factor weighs in favor of transfer. Given that the location material of events, evidence, and witnesses all weigh in favor of transfer as well, the Court finds that the Southern District of Georgia is clearly the more convenient forum. Accordingly, Pilot's Motion to Transfer is **granted**.

## IV. CONCLUSION

For reasons stated above, Pilot's Motion to Transfer (Filing No. 7) is **GRANTED**. The duplicative filings at Filing No. 4 and Filing No. 5 are **STRICKEN**. The **Clerk is directed** to **TRANSFER** this case to the United States District Court for the Southern District of Georgia.

**SO ORDERED.**

Date: October 26, 2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Catherine A. Breitweiser-Hurst
JOHNSON & BELL, PC (Crown Point)
breitweiserhurstc@jbltd.com

Edward W. Hearn
JOHNSON & BELL, PC (Crown Point)
hearne@jbltd.com

Alan D. Wilson
alandwilsonlaw@gmail.com